## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERI SPEER, | ) | 3:23-CV-01492 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, AS TRUSTEE FOR HS1 | ) | January 30, 2024 |
| ASSET SECURITIZATION | | |
| CORPORATION TRUST 2006 OPT4 | | |
| MORTGAGE PASS THROUGH | | |
| CERTIFICATES SERIES 2006 OPT4, | | |
| *Defendant*. | | |

## <u>RULING ON PLAINTIFF'S MOTION TO REMAND</u>

Sarala V. Nagala, United States District Judge.

In this removed action, Plaintiff claims that Defendant Deutsche Bank National Trust Company, as Trustee for HS1 Asset Securitization Corporation Trust 2006 OPT4 Mortgage Pass Through Certificates Series 2006 OPT4 ("Deutsche Bank"), wrongfully attempted to foreclose on her property despite never having been assigned the mortgage note. Plaintiff has brought claims for vexatious litigation, abuse of process, and spoliation of evidence, and seeks damages as well as a declaratory judgment that Deutsche Bank was never assigned the mortgage note. When the action was pending in state court, Plaintiff filed a notice of withdrawal of her claim against the only non-diverse defendant, the law firm that assisted Deutsche Bank with the attempted foreclosure. Deutsche Bank then removed the state action to federal court on the basis of diversity jurisdiction. Plaintiff now seeks to remand the action to Connecticut Superior Court. For the described below, the Court DENIES Plaintiff's motion to remand.

## I.    BACKGROUND

Plaintiff, a Connecticut resident proceeding *pro se*, filed a complaint against Deutsche Bank and Bendett & McHugh PC ("Bendett") in Connecticut Superior Court.  Not. of Removal, ECF No. 1 ¶ 1.  Plaintiff brings claims for vexatious litigation, abuse of process, and spoliation of evidence, following Deutsche Bank's withdrawal of a foreclosure action it had previously initiated against Plaintiff with the assistance of the Bendett law firm, after purportedly acquiring the mortgage note as part of its mortgage securitization business.  Plaintiff seeks damages in excess of $15,000, and declaratory judgments that Deutsche Bank "(a) was never the holder of the [Mortgage] Note; and (b) did not comply with ¶20 of the Mortgage in disclosing all assignments and beneficial interests under the same; and (c) is not the party to whom the Mortgage was validly assigned, and that all alleged assignments are invalid or wanting for complete chain of assignment."  *Id.* ¶ 21; *see also* St. of Amount in Demand, ECF No. 1-1 at 8.

Deutsche Bank removed the action on the basis of diversity jurisdiction after Plaintiff dismissed Bendett, a Connecticut citizen, from the action.  ECF No. 1 at 2; State Ct. Docket, ECF No. 1-2 at 2.  Deutsche Bank contends that the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is met because Plaintiff seeks a declaratory judgment that Deutsche Bank was never the holder of the mortgage note and is not the party to whom the mortgage was assigned, and at the time of removal the current unpaid principal balance on the mortgage was $85,211.24.  ECF No. 2 ¶ 12.  The Court ordered that Deutsche Bank submit evidence corroborating its calculation of the current unpaid balance on the mortgage, to which Deutsche Bank responded by submitting mortgage documents confirming the payoff amount was then $86,105.04.  November 16, 2023, Payoff Quote, ECF No. 14-2.  Plaintiff then filed a motion to remand the action to Connecticut Superior Court, claiming that the amount in controversy requirement has not been met; that the

removal was untimely; that the *Markham* and *Rooker-Feldman* doctrines bar removal; and, generally, that Deutsche Bank removed the case in bad faith to delay its resolution. Mot. to Remand, ECF No. 13.

## II.    DISCUSSION

The Court finds that Deutsche Bank's removal of this action was proper. Even construing Plaintiff's arguments liberally and with special solicitude because she is proceeding in this action as a self-represented litigant, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), her objections to Deutsche Bank's removal all fail. First, the Court finds that the amount in controversy is satisfied by a preponderance of evidence. Second, removal was timely because it was made within thirty days of the case becoming removable, and there is no support for Plaintiff's assertion that Deutsche Bank acted in bad faith. Last, neither *Markham v. Allen*, 326 U.S. 490 (1946), nor *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983), counsel against exercising jurisdiction in this case.

Separately, the Court orders that the parties submit briefing as to whether Plaintiff has standing to seek a declaratory judgment that Deutsche Bank does not own the mortgage, under the Second Circuit's holding in *Rajamin v. Deutsche Bank National Trust Co.*, 757 F.3d 79 (2d Cir. 2014).

### A.    Amount in Controversy

#### 1. Legal Standard

This case was removed on the basis of diversity jurisdiction. Federal district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). If the amount in controversy does not exceed $75,000, or if the parties are

not citizens of different states, the federal court lacks subject matter jurisdiction under § 1332(a) to adjudicate the dispute.  If the federal court determines that it lacks subject matter jurisdiction over a removed action, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

In a removed action, "the defendant's amount-in-controversy allegation [in its notice of removal] should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC. v. Owens*, 574 U.S. 81, 87 (2014).  If the plaintiff contests the amount in controversy allegation, removal is proper only "'if the district court finds, by a preponderance of evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(B)).

Additionally, certain principles apply to actions seeking damages, while others apply to those seeking injunctive relief.  In a diversity action seeking actual or punitive damages, "each must be considered to the extent claimed in determining the jurisdictional amount," though "a claim for punitive damages is to be given closer scrutiny . . . than a claim for actual damages." *Peoples Club of Nigeria Int'l, Inc. v. Peoples Club of Nigeria Int'l – N.Y. Branch, Inc.*, 821 F. App'x 32, 35 (2d Cir. 2020) (summary order) (quoting first *Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943), and second *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1. (2d Cir. 1972)).  In an action for injunctive or declaratory relief, the amount in controversy is to be "calculated from the *plaintiff's standpoint*; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested."  *Correspondent Servs. Corp. v. First Equities Corp*, 442 F.3d 767, 769 (2d Cir. 2006) (emphasis added) (quoting *Kheel v. Port of New York Auth.*, 457 F.3d 46, 49 (2d Cir. 1972)).  Courts will aggregate claims for damages and injunctive

or declaratory relief for purposes of calculating the amount in controversy. *See Smulley v. Safeco Ins. Co. of Ill.*, No. 21-2124-cv, 2022 WL 16753118, at *1 (2d Cir. 2022) (summary order).

2.    *Discussion*

Here, Deutsche Bank has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.

The crux of Plaintiff's complaint is that Deutsche Bank attempted to foreclose on her home but abandoned the effort because Deutsche Bank in fact had never been assigned the mortgage and thus had no right to foreclose.  Plaintiff seeks damages for having defended against the state foreclosure proceedings and—because she fears this may happen again—a declaratory judgment that Deutsche Bank does not hold the mortgage note.[1]  ECF No. 1 ¶ 21.  Thus, construing her *pro se* complaint liberally, there are two primary objects of the litigation:  (1) damages and costs for having undergone the state foreclosure action, alleged in Plaintiff's Statement of Amount in Demand to be in excess of $15,000; and (2) a declaration that Deutsche Bank does not own the mortgage note.  The value of these objects must together exceed $75,000 by a preponderance of evidence for the Court to exercise jurisdiction over this matter.

The Court cannot accept Deutsche Bank's argument that the unpaid balance on the mortgage note alone, which exceeds $75,000, establishes the amount in controversy.  The mortgage note is not itself an object of the litigation, because Plaintiff is not seeking a declaratory judgment that *she* owns the note.  Typically, in a declaratory judgment action seeking a declaration as to ownership of an asset, the value of that asset is the amount in controversy.  *See Correspondent Servs. Corp.*, 442 F.3d at 769 (affirming dismissal for lack of jurisdiction in declaratory judgment action concerning the ownership of a worthless certificate of deposit).  But Plaintiff is not seeking

---

[1] Plaintiff also alleges that liens placed on her property by Deutsche Bank are invalid, *see* ECF No. 1 ¶ 20, but she does not seek declaratory relief as to such liens.

a declaratory judgment that the note is owned by her; rather, she is seeking a declaratory judgment that the mortgage note was not validly assigned to Deutsche Bank, such that it is not the holder of the note.[2]  Thus, the balance on the mortgage note of $86,105.04[3] is not direct evidence of the amount in controversy, as it would be in an action where the plaintiff is claiming to own the note. *See RL 900 Park, LLC v. Ender*, No. 1:18-cv-12121 (KMV), 2021 WL 738705 at *6 (S.D.N.Y. Feb. 25, 2021) (holding the amount in controversy was at least the outstanding principal value of a mortgage, in an action between entities claiming ownership interests in a mortgage and underlying note); *cf. DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 277 (2d Cir. 2006) (holding jurisdictional amount in controversy was not met where plaintiff sought an accounting of a fund but "makes no claim that he owns it").  On the other hand, it is difficult to determine, from *Plaintiff*'s standpoint, the value of a declaration that Deutsche Bank does not own the note.  *See Correspondent Servs. Corp.*, 442 F.3d at 769.  Were the Court to issue such a declaration, it might give Plaintiff the peace of mind that Deutsche Bank could not foreclose on the property in the future, and may prevent Plaintiff from having to undergo future foreclosure actions by Deutsche Bank.  The value of these benefits to Plaintiff, however, is presently unknown, and therefore cannot serve as the basis for finding that the amount in controversy requirement has been met.

Nonetheless, the Court finds by a preponderance of the evidence that the damages in this action would likely exceed $75,000, for other reasons.  It is difficult to approximate the cost to Plaintiff of having undergone a later-withdrawn foreclosure action, but certain facts and provisions

---

[2] As discussed further below, the Court questions whether Plaintiff lacks standing to request declaratory relief that Deutsche Bank does not own the note.

[3] Plaintiff argues that the Court should not consider Deutsche Bank's corroborating records of the mortgage balance because they are hearsay.  As the Court does not base this decision on the balance due on the note, it need not reach this issue.  In any event, however, there is authority that the Federal Rules of Evidence do not strictly apply to the Court's consideration of whether the amount in controversy requirement has been met, as this determination is a "preliminary and miscellaneous matter."  *See Major v. Diageo North Am., Inc.*, No. 22-cv-3027 (LJL), 2022 WL 2079756, at *1 (S.D.N.Y. June 9, 2022) (collecting cases).

of Connecticut law assist the Court.  First, in addition to Plaintiff's allegation that her damages exceed $15,000, the Court notes that Connecticut's vexatious litigation statute permits an award of double damages if the suit is brought without probable cause or treble damages if the suit is brought without probable cause and with a "malicious intent unjustly to vex and trouble" the other person.  Conn. Gen. Stat. § 52-568.  Connecticut law also permits awards of emotional distress damages for abuse of process claims, in addition to compensatory damages.  *Rogan v. Rungee*, 165 Conn. App. 209, 217–18 (2016).  These provisions lend support to the idea that Plaintiff's damages, if she is successful in this suit, could exceed $75,000.

Plaintiff's settlement demand letter reinforces the conclusion that the amount in controversy is met by a preponderance of the evidence in this case.  *See* ECF No. 18-3.  The settlement demand, dated November 13, 2023, requests $145,297.86, though it does not specify how Plaintiff arrived at that figure.  Although a settlement demand "is only one factor in assessing the amount in controversy and [ ] courts must consider the context in which the settlement demand is made," *Vermande v. Hyundai Motor Amer. Inc.*, 352 F.Supp.2d 195, 202 (D. Conn. 2004), the fact that Plaintiff values the case at far more than $75,000 weighs in favor of finding that the amount in controversy requirement has been met.  *See also Grinnell Mut. Reins. Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) ("Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered 'to show the stakes' when determining whether the amount in controversy is met.") (quoting *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)).

For these reasons, the Court is satisfied that a preponderance of the evidence supports its exercise of federal jurisdiction over this action.  Plaintiff's motion to remand is therefore denied

on this basis.  Of course, Plaintiff is free to stipulate to seeking less than $75,000 in damages; should she file such a stipulation, the Court would consider a renewed motion to remand at that time.  *See Standard Fire Ins. Co. v. Knowles,* 566 U.S. 588, 595 (2014); *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014); *Ryan v. Cerullo,* 343 F. Supp. 2d 157, 159–60 (D. Conn. 2004); *DiCandido v. Mazzer,* No. 3:20-cv-364 (VAB), 2020 WL 1685504, at *3 (D. Conn. Apr. 7, 2020); *Hayes v. Pfizer, Inc.*, No. 15-cv-1854 (MPS), 2016 WL 1363623, at * 2 (D. Conn. Apr. 6, 2016).

B.  Timeliness of Removal

Generally, defendants must file a notice of removal in a civil action filed in state court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days of receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); *see also Abbo-Bradley v. City of Niagra Falls*, 73 F.4th 143, 148 (2d Cir. 2023) (describing the requirements for removal more than thirty days after the initial pleading).

The Court finds that Deutsche Bank's removal is timely as it was made within thirty days of the case becoming removable.  Plaintiff's state case was not initially removable because there was no federal question, and diversity jurisdiction was lacking:  although the amount in controversy was met for the reasons described above, complete diversity did not exist between Plaintiff (a Connecticut citizen), Bendett (a Connecticut citizen), and Deutsche Bank (a California citizen).  Plaintiff's case became removable, at the earliest, on October 14, 2023, the date on which

Plaintiff mailed or delivered electronically a "withdrawal of action" against Bendett, which she later filed on the state court docket on October 16, 2023.  ECF No. 1-2 at 3; *see also* ECF No. 1-1 at 2–3 (listing the parties' citizenship).  Deutsche Bank filed its notice of removal within thirty days of October 14, 2023, on November 13, 2023.  ECF No. 1.  Removal is thus timely.

Plaintiff argues that Deustche Bank's removal was nonetheless improper because "[i]t is solely and strictly a device to have evaded the obligation under [Connecticut Judicial Branch] Practice Book § 13-19 to disclose a defense and the inevitable default that would have followed as to Count Four."  ECF No. 13 ¶ 7.  The Court finds no basis to conclude that this constitutes bad faith by Deutsche Bank, when Deutsche Bank was entitled to remove the action at this time pursuant to § 1446(b)(3).  Plaintiff also does not cite to any statute providing for remand when a removal is made in bad faith.  *See* 28 U.S.C. § 1446(c) (referring only to a *plaintiff's* bad faith in avoiding removal).  Plaintiff's motion to remand is therefore denied on this basis as well.

### C.  *Markham* and *Rooker-Feldman*

Finally, Plaintiff cites to two inapt doctrines which do not counsel against this court exercising jurisdiction in this case:  *Markham* and *Rooker-Feldman*.

*Markham* advises that federal courts have "no jurisdiction to probate a will or administer an estate."  *Markham*, 326 U.S. at 494.  Federal courts may exercise jurisdiction "to entertain suits 'in favor of creditors, legatees, and heris' and other claimants against a decedent's estate" such as in bankruptcy, but they may not "interfere with probate proceedings or assume general jurisdiction of the probate or control the property in the custody of state court."  *Id.*; *see also Marshall v. Marshall*, 547 U.S. 293, 311 (2006) (explaining that the *Markham* doctrine "proscribes disturbing or affecting the possession of property in the custody of a state court") (cleaned up)).  This doctrine is clearly inapplicable to Plaintiff's case, which does not involve the federal court "endeavoring to

dispose of property that is in the custody of a state probate court." *Marshall*, 547 at 312.  Thus, the *Markham* doctrine is not a basis to decline to exercise jurisdiction in this action.

Nor must this Court decline to exercise jurisdiction under the *Rooker-Feldman* doctrine. Under this doctrine, federal district courts lack jurisdiction over a case if the exercise of jurisdiction would result in the reversal or modification of a state court judgment.  *Rooker-Feldman* prevents "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  This doctrine is often raised to prevent federal courts from reviewing state court judgments of foreclosure.  *See, e.g., Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 F. App'x 20, 21 (2d Cir. 2016).  But here, there is no such state court judgment, given that Deutsche Bank withdrew the foreclosure action it had filed against Plaintiff before a judgment was entered.  *See Deutsche Bank Nat'l Trust Co. v. Speer*, No. KNL-CV19-6039988-S (Conn. Super. Ct.).  Further, even if there were a state court judgment, "[t]he *Rooker-Feldman* doctrine does not prevent a district court from reviewing claims for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment." *Worthy-Pugh*, 664 F. App'x at 21; *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014).  This doctrine therefore is not a basis for declining to exercise federal jurisdiction either.

### III.    SUPPLEMENTAL BRIEFING REGARDING PLAINTIFF'S STANDING TO PURSUE DECLARATORY JUDGMENT

Although the Court has held that it can exercise diversity jurisdiction over this matter, it questions whether Plaintiff lacks standing to request declaratory relief that Deutsche Bank does not own the note.  When a plaintiff lacks constitutional standing to bring a claim, a district court

lacks subject matter jurisdiction to adjudicate it. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). As the question of Plaintiff's standing to request this particular declaratory relief goes to the Court's subject matter jurisdiction, the Court has an independent obligation to raise it, even in the absence of a challenge from a party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

In *Rajamin*, the Second Circuit held that plaintiff-mortgagors generally lack Article III and prudential standing to challenge defendants' assignment of mortgage notes, even where the defendants had initiated foreclosure proceedings against the plaintiff-mortgagors. 757 F.3d at 84–87; *see also Nucci v. PHH Mortgage Corp.*, 679 F. App'x 48, 50 (2d Cir. 2017) (summary order). As another district court has observed, the Second Circuit reasoned that "regardless of whether a mortgage was validly assigned, the mortgagor is still obligated to repay *someone*, whether it be the original lender or the entity to which the mortgage was assigned"; therefore, "the assignment of a mortgage generally causes no injury to the mortgagor, and [ ] that person does not have standing to challenge an assignment of his mortgage loan in federal court." *Houck v. U.S. Bank NA*, No. 15-cv-10042 (AJN), 2016 WL 5720783, at *7 (S.D.N.Y. Sept. 30, 2016) (citing *Rajamin*, 757 F.3d at 85–87); *see also Boco v. Argent Mortg. Co., LLC*, No. 13-CV-1165(DLI)(CLP), 2014 WL 1312101, at *2–3 (E.D.N.Y. Mar. 31, 2014) (dismissing claims where plaintiff "fails to allege [ ] damages or injury from the assignment").

Here, it is not clear to the Court that Plaintiff has alleged an injury that would grant her Article III standing to pursue a declaratory judgment that Deutsche Bank does not own the note. Through this request for declaratory relief, Plaintiff appears to be challenging the alleged assignment of the mortgage to Deutsche Bank. Because she owes the unpaid balance of the mortgage to *someone*, even if not Deutsche Bank, though, it is not clear she has sufficiently alleged

an injury that would entitle her to pursue this particular declaratory judgment.  Therefore, the Court requests further briefing from the parties on this issue.  Plaintiff must submit briefing by **February 20, 2024,** explaining why she has standing as to her request for a declaratory judgment that Deutsche Bank does not own the note.  Deutsche Bank may respond to such briefing by **March 12, 2024.**

To be clear, the Court does not perceive a standing issue as to Plaintiff's claims generally, or as to her other requests for relief; the only question is whether she has standing to seek a declaratory judgment that Deutsche Bank does not own the note.  Should the Court determine, after briefing, that she does not have standing to make this request for relief, it proposes to decline to exercise jurisdiction over that request for relief and to exercise subject matter jurisdiction over the remainder of the case.  *See ADYB Engineered for Life, Inc. v. Edan Admin. Servs. Ltd.*, No. 1:19-cv-7800 (MKV), 2021 WL 1177532, at *13 (S.D.N.Y. Mar. 29, 2021) (recognizing that a court must examine its subject matter jurisdiction claim-by-claim).  The parties may comment on the appropriateness of this proposed resolution in their briefing.

## IV.    CONCLUSION

For the reasons described herein, Plaintiff's motion to remand is DENIED.  The parties shall submit further briefing as to whether Plaintiff has standing to seek a declaratory judgment that Deutsche Bank does not own the note.  Plaintiff must submit such briefing by **February 20, 2024,** and Deutsche Bank may respond by **March 12, 2024.**

The parties' Rule 26(f) report will be due **March 19, 2024.**

**SO ORDERED** at Hartford, Connecticut, this 30th day of January, 2024.


 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE