UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERI SPEER,<br>    *Plaintiff*,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006 OPT 4 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006 OPT4,<br>    *Defendant*. | 3:23-cv-1492 (SVN)<br><br><br><br><br>March 31, 2025 |

## RULING AND ORDER ON DEFENDANT'S MOTIONS TO DISMISS

Sarala V. Nagala, United States District Judge.

In this removed action, Plaintiff claims that Defendant Deutsche Bank National Trust Company, as Trustee for HS1 Asset Securitization Corporation Trust 2006 OPT4 Mortgage Pass Through Certificates Series 2006 OPT4 ("Deutsche Bank"), wrongfully attempted to foreclose on her property despite never having been assigned Plaintiff's promissory note or mortgage. Plaintiff has brought claims for vexatious litigation, abuse of process, and spoliation of evidence, seeking damages and a declaratory judgment that Deutsche Bank was never the holder of the promissory note and was never a valid assignee of the mortgage. Deutsche Bank seeks to dismiss all of Plaintiff's claims for failure to state a claim and, for Plaintiff's request for a declaratory judgment, for lack of subject matter jurisdiction. For the reasons described below, Deutsche Bank's Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's vexatious litigation claim may proceed, but Plaintiff's remaining claims are dismissed.

I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court takes judicial notice of publicly available filings on the docket of *Deutsche Bank v. Speer*, KNL-CV-19-6039988-S (Conn. Super. Ct.) (the "Foreclosure Action"), to establish the fact of such litigation and related filings. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). In the Foreclosure Action, Deutsche Bank filed a complaint against Plaintiff, alleging that Plaintiff took out a loan for a property located at 107 Oakridge Street in Norwich, Connecticut, with Option One Mortgage Corporation that was secured by a mortgage on the property. *See* Compl. ¶¶ 1–2, *Deutsche Bank*, KNL-CV-19-6039988-S (Conn. Super. Ct. Mar. 21, 2019). Deutsche Bank alleged that Option One Mortgage Corporation had assigned Plaintiff's mortgage to Deutsche Bank. *Id.* ¶ 4. Deutsche Bank further alleged that the note and mortgage were in default due to Plaintiff's failure to pay the monthly installments of principal and interest due June 1, 2018, and each and every month thereafter. *Id.* ¶ 6. As a result, Deutsche Bank sought foreclosure of the mortgage. *Id.* at 4. Deutsche Bank later withdrew the Foreclosure Action. Withdrawal of Action, *Deutsche Bank*, KNL-CV-19-6039988-S (Conn. Super. Ct. Nov. 18, 2022), Doc. Entry No. 161.00.

In August 2023, Plaintiff sued Deutsche Bank in Connecticut Superior Court, alleging claims for vexatious litigation, abuse of process, spoliation of evidence, and a declaratory judgment, related to its filing and subsequent withdrawal of the Foreclosure Action. *See generally* Compl., ECF No. 1-1. Defendant removed the action to federal court, and this Court denied Plaintiff's motion for remand. Order, ECF No. 23.

The allegations of a plaintiff's complaint are accepted as true for the purpose of assessing a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In her present complaint, Plaintiff alleges that Deutsche Bank was never the holder of the note and was never the rightful

2

assignee of the mortgage, and thus could not have properly initiated the Foreclosure Action. ECF No. 1-1 ¶ 8. She alleges that Deutsche Bank could not have lawfully acquired an assignment of the note because an entity called Mortgage Electronic Systems[1] did not have authority to assign or transfer the note. *Id.* ¶ 4. Plaintiff also alleges that Deutsche Bank "concealed, omitted and withheld numerous transfers of the note, all of which were unauthorized and/or unlawful." *Id.* ¶ 7. Finally, Plaintiff alleges the Foreclosure Action terminated in her favor. *Id.* ¶ 2. Despite this allegedly favorable termination, Plaintiff alleges that Deutsche Bank has not released a lis pendens in the Norwich land records. *Id.* ¶ 20.

Based on these facts, Plaintiff brings claims for vexatious litigation, abuse of process, spoliation, and a declaratory judgment, alleging that Deutsche Bank does not have a valid interest in either the promissory note or the mortgage at issue. *See* ECF No. 1-1. Deutsche Bank now moves to dismiss Plaintiff's vexatious litigation, abuse of process, and spoliation claims for failure to state a claim and Plaintiff's declaratory judgment claim for lack of subject matter jurisdiction. Plaintiff opposes Deutsche Bank's motion.[2]

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction. A case is properly dismissed for lack of subject matter

---

[1] Plaintiff does not explain what Mortgage Electronic Systems is.
[2] Several months after briefing closed on Deutsche Bank's motion, Plaintiff, without the leave of the Court, submitted a sur-reply to supplement her opposition to Defendant's motion to dismiss. *See* ECF No. 57. As D. Conn. L. R. Civ. P. 7(d) provides that sur-reply briefs may not be filed without permission from the Court, the Court will not consider this filing.

jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well–pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief*."* *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

4

These pleading standards apply to self-represented parties. It is true that Courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted). But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

The Court holds that Plaintiff states a claim for vexatious litigation, but fails to state claims for abuse of process and spoliation. The Court dismisses Plaintiff's request for a declaratory judgment for lack of subject matter jurisdiction.

#### A. Extrinsic Exhibits in the Motion to Dismiss

The Court begins with a procedural matter. In connection with its motion to dismiss, Deutsche Bank has submitted several documents that are not included in or appended to Plaintiff's complaint. These documents include documents from the Foreclosure Action and several documents related to Plaintiff's mortgage.[3] In deciding this motion, the Court will consider the Foreclosure Action filings, of which the Court takes judicial notice, as noted above. For the reasons explained below, it will also consider some, but not all, of the mortgage-related documents submitted by Deutsche Bank.

---

[3] Specifically, Deutsche Bank has provided, through two affidavits, the docket of the Foreclosure Action; Deutsche Bank's withdrawal of the Foreclosure Action; Plaintiff's appeal of the Superior Court's denial of her leave to amend her answer to include counterclaims; the Appellate Court's judgment affirming the judgment of the Superior Court; a certificate of merger; an affidavit of lost note; a copy of what it represents is Plaintiff's promissory note; a bankruptcy court decision; a mortgage; two documents that it represents are an assignment of Plaintiff's mortgage; a loan modification agreement; and a payoff quote. *See* ECF Nos. 38-2 & 38-7.

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the legal feasibility of a complaint. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558 (2d Cir. 2016). When evaluating such a motion, courts generally do not look beyond facts in the complaint, documents appended to the complaint or incorporated by reference, and matters of which a court may take judicial notice, which includes matters of public record. *Id.* at 559; *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (recognizing that a court may take judicial notice of relevant matters of public record).

A court may, however, consider an extrinsic document that is "integral" to the complaint if the complaint "relies heavily upon [the document's] terms and effect." *Goel*, 820 F.3d at 559. An integral document is typically "a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Id.* (citation omitted).

In the home loan context, when a complaint implicates the validity of transactional documents, such as a promissory note, mortgage agreement, or mortgage assignment, courts in this circuit have considered these documents, even when they are not included in the plaintiff's pleading, finding that they are integral to the complaint. *See, e.g.*, *Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952 (KMK), 2016 WL 5720810, at *1 n.1 (S.D.N.Y. Sept. 30, 2016) (collecting cases), *aff'd*, 709 F. App'x 92 (2d Cir. 2018); *Krajeski v. Bank of Am., N.A.*, No. 19-CV-1385 (JMA) (ARL), 2020 WL 42805, at *1 (E.D.N.Y. Jan. 2, 2020). Courts do so without converting motions to dismiss into motions for summary judgment. *See, e.g.*, *Best v. Bank of Am., N.A.*, No. 14-CV-6546 (JG) (LB), 2015 WL 5124463, at *1 (E.D.N.Y. Sept. 1, 2015) ("Along with its papers, [defendant] submitted an affidavit attaching the mortgage, note, assignment of mortgage, and other loan documents issued by [defendant] to [plaintiff]. I am permitted to consider these materials

6

without converting this motion to dismiss into one for summary judgment because the documents are specifically referenced in, and are integral to, the complaint.").

Here, the Court can properly consider certain of the transactional documents offered by Deutsche Bank—the note, the mortgage, and documents that Deutsche Bank claims accomplished an assignment—as they are integral to the complaint. Plaintiff's complaint "stands or falls" on her allegation that Deutsche Bank did not have any legal interest in the note or mortgage and, specifically, that Deutsche Bank was never assigned any such interest. *See Goel*, 820 F.3d at 559. Accordingly, the Court may consider the note, the mortgage, and documents that Deutsche Bank claims accomplished an assignment in ruling on Deutsche Bank's motion to dismiss. The Court will not, however, consider the loan modification agreement and payoff quote offered by Deutsche Bank, because, unlike the other transactional documents, the complaint does not reference these two documents and Plaintiff's claims do not hinge on allegations concerning them. The remaining documents Deutsche Bank has submitted are irrelevant to the Court's ruling, so the Court disregards them entirely.

The Court emphasizes that, although it considers these documents, it has not converted Defendant's motion into one for summary judgment and the applicable standards for a motion to dismiss control. *See Best*, 2015 WL 5124463, at *1.

### B. Vexatious Litigation (Count One)

The Court first holds that Plaintiff's claim for vexatious litigation survives Deutsche Bank's motion to dismiss.

Under Connecticut law, the "cause of action for vexatious litigation permits a party who has been wrongfully sued to recover damages." *Scalise v. East Greyrock, LLC*, 148 Conn. App. 176, 181 (2014). The elements for a vexatious litigation claim brought pursuant to Conn. Gen.

7

Stat. § 52-568 are (1) want of probable cause to file the earlier action and (2) the termination of that action in plaintiff's favor.  *See Ne. Bldg. Supply, LLC v. Morrill*, 224 Conn. App. 137, 150 (2024).[4]  Probable cause operates as "an absolute protection" against a vexatious litigation claim. *Falls Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 94 (2007).  A party lacks probable cause to file a suit if it "lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted."  *DeLaurentis v. City of New Haven*, 220 Conn. 225, 256 (1991). Connecticut courts have held that an action may have been supported by probable cause, even if the action is not ultimately successful or otherwise lacks merit.  *Falls Church Grp., Ltd*, 281 Conn. at 103–04.

The filing of a foreclosure action by a mortgagee is typically supported by probable cause where the mortgagee was the assignee of the mortgage and the mortgagor is in default.  *See JP Morgan Chase Bank, N.A. v. Winthrop Properties, LLC*, 312 Conn. 662, 673 (2014); *Vaccaro v. U.S. Bank, N.A.*, No. CV146050373S, 2016 WL 8488123, at *3 (Conn. Super. Ct. Nov. 8, 2016). It follows that, if a party lacking any valid interest, assigned or otherwise, in a mortgage seeks foreclosure through a suit, the action may have been brought without probable cause.

Taking as true the allegations in Plaintiff's complaint, as the Court must at this stage, Plaintiff has plausibly alleged that Deutsche Bank brought the Foreclosure Action against her without probable cause.  Specifically, Plaintiff alleges that Deutsche Bank was never the rightful owner of the mortgage or holder of the note, yet it pursued foreclosure against her.  ECF No. 1-1 ¶¶ 3, 8.  If Deutsche Bank truly lacked an assigned interest in the mortgage or note, it would have had no proper basis to sue Plaintiff for foreclosure on the mortgage.

---

[4] Plaintiff's complaint and opposition brief clarify that she is bringing a statutory vexatious litigation claim under § 52-568, rather than a common law vexatious litigation claim.  *See* ECF No. 1-1 ¶ 10A; ECF No. 41 at 7.

8

Deutsche Bank counters Plaintiff's allegations solely by disputing the facts as Plaintiff has alleged them, and asserting that it was, in fact, validly assigned the mortgage on Plaintiff's property. Such a challenge will not suffice at the motion to dismiss stage. While Deutsche Bank argues that "there is no dispute that [it] was the assignee of the mortgage," Def.'s Br., ECF No. 38-1 at 14, there clearly is dispute—Plaintiff alleges that Deutsche Bank was *not* the assignee of the mortgage, ECF No. 1-1 ¶ 8, while Deutsche Bank asserts that it was. In support of its argument, Deutsche Bank urges the Court to rely on the mortgage assignment documents it has supplied in support of its motion, *see* ECF Nos. 38-11, 38-12, which the Court can appropriately consider for this motion for the reasons described above. But those documents cannot carry the day, as Plaintiff contests the validity of the critical assignment document submitted by Deutsche Bank at ECF No. 38-11, arguing that it is forged. *See* Pl.'s Br., ECF No. 41 at 3, 9.

The Court cannot resolve a factual dispute of this nature on a motion to dismiss. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 405 (2d Cir. 2015) (holding that an argument that raises a factual dispute "is inappropriate for resolution on a motion to dismiss"); *Adlife Marketing and Commnc'ns Co., Inc. v. Best Yet Market, Inc.*, No. 2:17-cv-2978 (ADS) (ARL), 2018 WL 4568801, at *2 (collecting cases for the same proposition). It may well be the case that the mortgage assignment was valid. But the Court cannot make this finding when ruling on a motion to dismiss, where Plaintiff has alleged otherwise and all reasonable inferences must be drawn in her favor. *See Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."). Deutsche Bank is free to raise this line of argument concerning the validity of the assignment in a motion for summary judgment later in this case.

### C. Abuse of Process (Count Two)

Next, the Court concludes that Plaintiff has failed to state a claim for abuse of process.

To adequately plead a claim for abuse of process under Connecticut law, a plaintiff must allege that "(1) the defendant instituted proceedings or process against the plaintiff and (2) the defendant used the proceedings primarily to obtain a wrongful purpose for which the proceedings were not designed." *Coppola Const. Co. v. Hoffman Enters. Ltd. P'ship*, 157 Conn. App. 139, 191 (2015). Only the second element is at issue here, as it is undisputed Deutsche Bank initiated the Foreclosure Action against Plaintiff. Courts have emphasized that this element focuses on the *primary* purpose underlying the decision to initiate proceedings. *Doctor's Assocs., Inc. v. Weible*, 92 F.3d 108, 114 (2d Cir. 1996) (quoting *Mozzochi v. Beck*, 204 Conn. 490, 494 (1987)); *Cadle Co. v. D'Addario*, 131 Conn. App. 223, 236 (2011). If the primary purpose for which the process is used is a purpose for which it was intended, a defendant is not liable, even if the defendant had "an incidental motive of spite or an ulterior purpose of benefit to the defendant." *Doctor's Assocs., Inc.*, 92 F.3d at 114 (quoting *Mozzochi*, 204 Conn. at 494).

Plaintiff's allegations supporting her abuse of process claim are conclusory and cannot survive a motion to dismiss. Plaintiff alleges that Deutsche Bank "employed a legal process against the Plaintiff" and that this process was brought "for purposes it was not legally intended." ECF No. 1-1, ¶¶ 11–12. Plaintiff further alleges that Defendant's purposes "included harassment, destructio[]n of the Plaintiff's property, destruction of evidence favorable to the Plaintiff . . . and evidence that the underlying mortgage was a fraud on the inducement." *Id.* ¶ 12. But these assertions are nothing but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's allegations fail to speak to the primary purpose behind Deutsche Bank's initiation of the foreclosure action. Even taking as true Plaintiff's conclusory allegations—that Deutsche Bank was not the assignee of the mortgage and that it brought the Foreclosure Action with the alleged purposes of harassment and destruction of various items in mind—Plaintiff has not alleged, either explicitly or implicitly, what Defendant's *primary* purpose was, much less that Defendant's primary purpose was one for which foreclosure actions are not intended.[5] In this way, the complaint "in no way distinguishes between the costs and benefits ordinarily associated with the pursuit of litigation and the burdens that the defendant[] in this case allegedly improperly inflicted upon the plaintiff." *Mozzochi*, 204 Conn. at 497–498. Accordingly, Plaintiff's abuse of process claim must be dismissed.

D. <u>Spoliation (Count Three)</u>

Plaintiff also fails to state a claim for spoliation of evidence.

Under Connecticut law, in order to state a claim for intentional spoliation,[6] Plaintiff must plausibly allege: "(1) the defendant's knowledge of a pending or impending civil action involving the plaintiff; (2) the defendant's destruction of evidence; (3) in bad faith, that is, with intent to deprive the plaintiff of his cause of action; (4) the plaintiff's inability to establish a prima facie case without the spoliated evidence; and (5) damages." *Rizzuto v. Davidson Ladders, Inc.*, 280 Conn. 225, 244–45 (2006). Plaintiff fails to plausibly allege each of these elements, except the first.

---

[5] Under Connecticut law, "[t]he purpose of [a] foreclosure is to extinguish the mortgagor's equitable right of redemption that he retained when he granted legal title to his property to the mortgagee following the execution of the mortgage." *JP Morgan Chase Bank*, 312 Conn. at 673.

[6] While Deutsche Bank's motion to dismiss addresses a possible claim of negligent spoliation, Plaintiff's opposition only addresses intentional spoliation. *See* ECF No. 41 at 9–10. Accordingly, the Court analyzes only whether Plaintiff states a claim for intentional spoliation.

Plaintiff has plausibly alleged Deutsche Bank's knowledge of a pending or impending civil action: the Foreclosure Action. She claims that Deutsche Bank's spoliation of evidence prejudiced her pursuit of a potential counterclaim in that action. *See* ECF No. 1-1 ¶ 14.

But Plaintiff fails to plausibly allege any facts to support her conclusory statement that Deutsche Bank destroyed any evidence. While Plaintiff baldly asserts that Deutsche Bank "destroyed, lost and concealed the evidence," *id.* ¶ 16, she does not provide any factual allegations to shed any light whatsoever on *what* evidence Deutsche Bank allegedly destroyed and what actions it took to destroy such evidence. Plaintiff's allegations, then, are too conclusory to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 681 (concluding that conclusory allegations are "not entitled to be assumed true").

Additionally, while Plaintiff conclusorily asserts that Deutsche Bank "acted in bad faith to conceal third party payments, insurance proceeds, bogus fees, and false statements to investors," Plaintiff does not provide any factual allegations to make this assertion plausible. What the complaint provides is merely a vague assertion that Deutsche Bank acted in bad faith, without supporting facts. Moreover, perhaps because Plaintiff fails to allege what evidence was destroyed, it is not at all clear how this assertion of bad faith in any way connects with the destruction of any particular evidence.

The complaint also fails to plausibly allege that, because of Deutsche Bank's actions, Plaintiff was unable to establish a *prima facie* case. As an initial matter, it is unclear what *prima facie* case Plaintiff claims she cannot now establish as a result of Deutsche Bank's actions. Plaintiff makes reference to "Claims and Counterclaims" against Deutsche Bank. ECF No. 1-1 ¶ 14; *see also* ECF No. 41 at 9. She also alleges Deutsche Bank impinged on her ability to pursue "an early Counterclaim in addition to asserting the full range of claims and defenses," against it.

ECF No. 1-1 ¶ 17. But even liberally construing the complaint, it is not at all clear to what potential claims or counterclaims the complaint is referring. Without specifying the *prima facie* case Plaintiff had or would have attempted to establish, the complaint simply cannot show that Plaintiff's effort to establish a *prima facie* case was thwarted by any alleged destruction of evidence.

Finally, Plaintiff's conclusory allegation that she suffered damages, *id.* ¶ 18, simply will not do, as she has failed to provide any factual allegations to show what damages have flown from any alleged destruction of evidence.

Accordingly, Plaintiff's spoliation claim must be dismissed.

### E. Declaratory Judgment (Count Four)

Finally, the Court concludes that Plaintiff does not have standing to pursue the declaratory judgment that she seeks.

Plaintiff seeks a declaratory judgment that Defendant: "(a) was never the holder of the Note; and (b) did not comply with ¶ 20 of the Mortgage in disclosing all assignments and beneficial interests under the same; and (c) is not the party to whom the Mortgage was validly assigned, and that all alleged assignments are invalid or wanting for a complete chain of assignment." *Id.* ¶ 21. Before the Court can address the merits of this claim, it must first determine whether it has subject matter jurisdiction to adjudicate it. Specifically, the Court must determine whether Plaintiff has standing to pursue the declaratory judgment. The Court first examines Plaintiff's Article III standing, then her prudential standing, and concludes that the Court cannot adjudicate this request for relief.[7]

---

[7] Before Defendant moved to dismiss the complaint, the Court ordered that the parties submit supplemental briefing on whether Plaintiff has standing to pursue the declaratory judgment she seeks. *See* ECF No. 23. Accordingly, the Court considers the briefing both parties submitted at ECF Nos. 24, 35.

### *1. Article III Standing*

Because the federal judicial power is limited to the adjudication of cases and controversies, it is well-established that a plaintiff must have standing to bring an action in federal court. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). When a plaintiff lacks constitutional standing to bring a claim, a district court lacks subject matter jurisdiction to adjudicate it. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). To establish standing, a plaintiff must show that she suffered "injury in fact." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). This injury in fact must be "concrete, particularized, and actual or imminent." *Calcano*, 36 F.4th at 74; *see also Lujan*, 504 U.S. at 560.

Specifically in the mortgage context, mortgagors generally lack Article III standing to challenge the validity of mortgage assignments. *Rajamin v. Deutsche Bank Nat. Tr. Co.*, 757 F.3d 79, 85 (2d Cir. 2014); *Levin v. Am. Document Servs., LLC*, 828 F. App'x 788, 791–92 (2d Cir. 2020) (summary order). This is because "regardless of whether a mortgage was validly assigned, the mortgagor is still obligated to repay *someone*, whether it be the original lender or the entity to which the mortgage was assigned"; therefore, "the assignment of a mortgage generally causes no injury to the mortgagor, and . . . such a person does not have standing to challenge an assignment of his mortgage loan in federal court." *Houck v. U.S. Bank NA*, No. 15-cv-10042 (AJN), 2016 WL 5720783, at *7 (S.D.N.Y. Sept. 30, 2016) (citing *Rajamin*, 757 F.3d at 85–87).

Each of the three grounds on which Plaintiff seeks a declaratory judgment in some way challenges the validity of the assignment of the note and mortgage to Deutsche Bank because each ground either explicitly or implicitly alleges non-compliance with the legal rules governing the assignment of Plaintiff's note and mortgage. *See* ECF No. 1-1 ¶ 21. In this way, Plaintiff's request

for declaratory judgment effectively mirrors that brought by the plaintiffs in *Rajamin*, whose claims were also fundamentally premised on challenges to the validity of mortgage assignments. *See Rajamin*, 757 F.3d at 85–87. The Second Circuit rejected the plaintiffs' claims for lack of injury in fact, despite that the plaintiffs had been subjected to foreclosure lawsuits. Like the plaintiffs in *Rajamin*, Plaintiff does not allege that she had no contractual obligation to repay some entity for the loan she took out. *See id.* at 85–87; *see also Houck*, 2016 WL 5720783, at *8 ("Even if Plaintiff's allegations—that the defendants invalidly assigned his mortgage loan and then concealed that fact—are true, these allegations do not obviate Plaintiff's contractual obligation to repay his mortgage. . . . Plaintiff suffered no injury because he was required to pay back his mortgage regardless of whether his loan was assigned."). And just like the plaintiffs in *Rajamin*, Plaintiff does not allege that any other entity demanded payment from her or threatened to institute foreclosure proceedings against her. *See Rajamin*, 757 F.3d at 85. Accordingly, following the logic of *Rajamin*, the Court concludes that Plaintiff has failed to plausibly allege injury in fact here, and therefore does not have constitutional standing to pursue her declaratory judgment claim.

*2. Prudential Standing*

In addition to the standing requirements imposed by Article III, courts have recognized judicially-imposed, "prudential" limitations on standing. *Warth v. Seldin*, 422 U.S. 490, 499–500 (1975). One requirement stemming from this doctrine is that a plaintiff "must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Id.* at 499. Exercising this prudential limitation on who may bring suit prevents courts from exercising their jurisdiction "even though judicial intervention may be unnecessary to protect individual rights." *Id.* at 500.

Mortgagors generally lack prudential standing to challenge mortgage assignments because mortgagors are neither parties to nor beneficiaries of the contractual agreement that forms the basis of the assignment from original mortgagee to assignee. *Rajamin*, 757 F.3d at 86–87; *see also Nucci v. PHH Mortg. Corp.*, 679 F. App'x 48, 50 (2d Cir. 2017) (summary order). In this sense, a mortgagor challenging a mortgage assignment is seeking to vindicate the legal right not of herself, but of another, be it the assignor or the assignee of the mortgage, thereby running afoul of the prudential standing doctrine.

Here, Plaintiff alleges she is the mortgagor and has not alleged that she was a party to the mortgage assignments or that she was a beneficiary of those assignments. Plaintiff's challenge that the mortgage was not validly assigned, then, is really a challenge brought on behalf of the

mortgagee. In line with precedent, the Court declines to exercise jurisdiction over such a challenge.[8]

### F. Leave to Amend

Generally, leave to amend should be granted at least once after granting a motion to dismiss against a *pro se* party, at least where a liberal reading of the complaint gives "any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the Court will give Plaintiff leave to amend as to her abuse of process and spoliation claims. But because Plaintiff's claim for a declaratory judgment is dismissed for lack of Article III and prudential standing, and not mere pleading deficiencies, the Court dismisses that claim without leave to amend (and without prejudice). *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017).

## IV. CONCLUSION

For the reasons described above, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Count One may proceed. Counts Two and Three are dismissed with leave to amend. Count Four is dismissed without prejudice, and without leave to amend.

In light of the pending motion to stay this litigation, the Court will not set a deadline for Plaintiff's amended complaint at this time. Rather, it will adjudicate the motion to stay after full

---

[8] On March 28, 2025, Deutsche Bank filed a motion to stay this case in which it indicated that, on September 5, 2024, it initiated another action to foreclose upon the mortgage on Plaintiff's property ("2024 Foreclosure Action"). *See* Mot. to Stay, ECF No. 60 (referring to *Deutsche Bank v. Speer*, KNL-CV24-6069822-S (Conn. Super. Ct.)). Deutsche Bank initiated the 2024 Foreclosure Action after briefing on the present motion concluded, so the parties' briefing currently before the Court makes no mention of the proceeding. The existence of the 2024 Foreclosure Action, which this Court may take judicial notice of, does not change the Court's conclusion that Plaintiff lacks standing to pursue the declaratory judgment she seeks, especially because the Second Circuit found that the *Rajamin* plaintiffs lacked Article III and prudential standing to obtain a declaratory judgment, even though they faced pending foreclosure proceedings. *See Rajamin*, 757 F.3d at 85; *see also Levin*, 828 F. App'x at 790–92 (same). The Court will rule on the motion to stay the case in due course, once it is fully briefed.

briefing. If it concludes that a stay is unwarranted, it will set a deadline for Plaintiff's amended complaint at that time.

**SO ORDERED** at Hartford, Connecticut, this 31st day of March, 2025.

                                            */s/ Sarala V. Nagala*
                                            SARALA V. NAGALA
                                            UNITED STATES DISTRICT JUDGE